**UNITED STATES of America**

v.

**Lucy POKUAA, Defendant.**

**No. 91 CR 967.**

United States District Court, E.D. New York.

Jan. 31, 1992.

Andrew J. Maloney, U.S. Atty. by Jason Brown, Asst. U.S. Atty., Brooklyn, N.Y., for U.S.

The Legal Aid Society by Dianne T. Renwick, Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Defendant Lucy Pokuaa pled guilty to importing heroin in violation of 21 U.S.C. § 952(a). She had been arrested when she disembarked at John F. Kennedy Airport. There it was discovered that she had swallowed balloons containing about 92 grams of heroin prior to boarding the plane in Nigeria. She was in custody for six weeks before the court authorized her release pending sentencing.

The defendant is a 23-year-old Ghanaian who is a resident alien in this country. She has an 8-year-old son living with her mother in Ghana and is separated from the father of that child. She has been employed in this country for the last four years as a home attendant. Ms. Pokuaa is presently seven months pregnant with her second child by another father whom she plans to marry. This pregnancy has been quite difficult; Ms. Pokuaa has been bedridden for much of the last few months.

Her extreme physical discomfort during her sentencing hearing was obvious.

Taking into account that this was defendant's first offense, that she acted only as a courier and that she accepted responsibility, the relevant sentencing guidelines call for a term of imprisonment of 27 to 33 months. *See* United States Sentencing Commission, *Guidelines Manual*, §§ 2D1.1(a)(3), 3B1.2(a), 3E1.1(a) (Nov. 1991). Departure from the guidelines is warranted where there is an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (1988).

At a *Fatico* hearing on sentencing, the parties agreed that imprisonment for more than a year after the birth of the child would likely cause Ms. Pokuaa to lose custody. The Federal Bureau of Prisons does not allow incarcerated women to care for their children in prison facilities. Under the guidelines, Ms. Pokuaa would therefore be separated from her child for two years. Since the defendant has no family members in this country to care for the child, she would be required to name the state as legal guardian of the child within a few days of giving birth. Given state law and the practice of local government agencies, Ms. Pokuaa would almost certainly lose permanent custody of the child. *See, e.g.,* N.Y.Soc.Serv.Law §§ 384–b3, 384–b4(d), 387–b7(a) (allowing state to petition for termination of parental rights for permanent neglect after child has been in state custody for more than twelve months). It is unlikely that Ms. Pokuaa would be able to regain custody after being separated from her child for almost the entirety of its first two years of life.

■ Cases in this district hold that the potential permanent loss of parental rights is a basis for departing from the guidelines. *See, e.g., United States v. Ogbebor,* 89 CR 743 (E.D.N.Y.1989) (departure from 41–51 month guideline range to time served); *United States v. Keyede,* 89 CR 356 (E.D.N.Y.1989) (departure from 41–51 month guideline range to one year); *Unit-*

*ed States v. Valentin,* 88 CR 395 (E.D.N.Y. 1988) (departure from 33–41 month guideline range to 18 months). In addition, the risk of injury or death to mother or fetus that is posed by bringing a complicated pregnancy to term in prison is also a basis for departure. *See United States v. Williams,* 88 CR 144 (E.D.N.Y.1988); *cf. United States v. Perez,* 756 F.Supp. 698 (E.D.N.Y.1991) (unexpected death of only child, born while mother was in custody awaiting trial, provides basis for departure from guidelines).

■ Under these circumstances, a departure to protect the health of the mother and child and to permit the mother to be united with her child is warranted. Defendant is sentenced to time served, five years of supervised release and a fifty dollar special assessment.

The defendant agrees to return as soon as possible to Ghana. The late stage of Ms. Pokuaa's pregnancy and medical complications, however, may limit her ability to travel.

The probation officer is directed to arrange immediate transportation to Ghana that is safe for mother and fetus—even if this requires obtaining a special berth or a first class airplane seat. This course of action, which may appear to coddle the criminal, is necessary in light of serious health risks. It is also practical since it will prove less expensive to the public than paying for Ms. Pokuaa's detention and parturition.

Defendant is without funds. The government will provide for her medical and other expenses while she remains in this country.

If medically safe transportation prior to the child's birth proves impracticable, arrangements will be made to have the defendant return to her country one month after she gives birth. This is a less desirable alternative since the child would then be an American citizen with the right to look to the community for support, and because the cost to the public of caring for the

mother and child in this country for the next few months will be significant.

So ordered.