**UNITED STATES of America**

v.

**Peace ARIZE, Defendant.**

**No. CR 91–1047.**

United States District Court, E.D. New York.

June 24, 1992.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. by Mark Kirsch, for U.S.

Michael Stalonas, New York City, for defendant.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge:

Defendant Peace Arize pled guilty to importing heroin into the United States. She was arrested at JFK Airport having swallowed balloons containing heroin prior to boarding the plane in Belgium. Since her arrest she has given birth to a baby boy at the Metropolitan Correctional Center. Defendant did not know that she was pregnant when she swallowed the drugs and traveled to the United States.

Based on the crime of importation and the defendant's lack of criminal history, a Guideline range of 41 to 51 months results. The government has not moved for a downward departure. The court on its own motion may depart where there is an "aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b) (1988).

An unknown pregnancy of the defendant and the potential permanent loss of custody is a proper grounds for departure. *See United States v. Pokuaa,* 782 F.Supp. 747 (E.D.N.Y.1992); *United States v. Ogbebor,* CR 89–743 (E.D.N.Y.1989) (departure to time served); *United States v. Keyede,* CR 89–356 (E.D.N.Y.1989) (departure to one year); *United States v. Valentin,* CR 88–395 (E.D.N.Y.1988) (departure to 18 months).

Defendant would likely lose custody of the child, who is a United States citizen, if she were imprisoned for more than two years. *Cf.* N.Y.Soc.Serv.Law §§ 384–b 3, 384–b 4(d), 384–b 7(a) (state may terminate parental rights if defendant in custody for more than twelve months); *see United States v. Pokuaa,* 782 F.Supp. 747 (E.D.N.Y.1992) (custody will be permanently lost where sentence is more than two years).

The federal government does not provide a place of incarceration where mother and just-born infant can live together. Since the issues of due process and cruel and unusual punishment have not been raised, we need not consider whether the Guideline may constitutionally be applied in this case.

It has come to the attention of the court and the United States Attorney that those who recruit "swallowers," or "drug mules" to bring narcotics into the United States have begun to recruit more and more pregnant women. Apparently the drug importers believe that pregnant women will receive more lenient sentences from the sentencing judges. *See, e.g., United States v. Pokuaa,* 782 F.Supp. 747 (E.D.N.Y.1992) (downward departure on basis of difficult pregnancy and possible loss of custody).

The general deterrence effect of punishment would be reduced if drug couriers were routinely sentenced leniently. The instant case is anomalous in that neither the defendant nor those who sent her on her drug mission knew that she was pregnant.

Defendant is sentenced to 23 months imprisonment. A $50 special assessment is imposed.

SO ORDERED.